# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**OHIO CASUALTY INSURANCE COMPANY**                            **PLAINTIFF**

**v.**                                                                   **CAUSE NO. 1:17cv18-LG-RHW**

**C. PERRY BUILDERS, INC., ET AL.**                                     **DEFENDANTS**

## ORDER DISMISSING COUNTERCLAIMS OF
## C. PERRY BUILDERS, INC., CARROLL PERRY, BOBBIE PERRY,
## TODD PERRY, AND TAMMY PERRY WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authorities, and for the reasons discussed below, the Court finds that the counterclaims filed by C. Perry Builders, Inc., Carroll Perry, Bobbie Perry, Todd Perry, and Tammy Perry (the "Defendants/Counterclaimants") should be dismissed without prejudice.

## I. BACKGROUND

Counsel for the corporate and individual Defendants/Counterclaimants was allowed to withdraw from representation by an Order dated September 5, 2017. The affected parties were required to notify the Court of their new counsel, or, in the alternative as to the individuals, inform the Court that they intended to proceed pro se. (Order Granting Mot. to Withdraw, ECF No. 27). None of the Defendants/Counterclaimants responded to the Order. Accordingly, the Court ordered them to show cause why their counterclaims should not be dismissed for failure to comply. (Order to Show Cause, ECF No. 29). The Court established a deadline of October 30, 2017, for the affected parties to show cause. The

Defendants/Counterclaimants were warned that "failure to respond to this order may result in dismissal of their counterclaims without any further notice to them." (*Id*. at 2).  There has been no response filed to the Order to Show Cause.

## II.  DISCUSSION

This Court has the authority to dismiss claims for a litigant's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of claims that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 630-31.

The Defendants/Counterclaimants did not comply with two Court Orders even after being warned that failing to comply with a court order would result in the dismissal of their counterclaims.  Such inaction presents a clear record of delay or contumacious conduct by the Defendants/Counterclaimants.  It is apparent to the Court that these parties do not wish to pursue their counterclaims.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.  *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).  Dismissal without prejudice is

2

warranted.

## III. CONCLUSION

For the reasons stated herein, the Counterclaims of C. Perry Builders, Inc., Carroll Perry, Bobbie Perry, Todd Perry, and Tammy Perry will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Counterclaims of C. Perry Builders, Inc., Carroll Perry, Bobbie Perry, Todd Perry and Tammy Perry are **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.

**SO ORDERED AND ADJUDGED** this the 2nd day of November 2017.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge